UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GLOVER, a/k/a<br>Born Taleem Bey,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 4:15CV1027 JAR |

## **MEMORANDUM AND ORDER**

Michael Glover moves to vacate his sentence under 28 U.S.C. § 2255. The motion is wholly frivolous, and it is summarily dismissed under 28 U.S.C. § 2255, Rule 4.

A jury found Glover guilty of possession of a firearm in furtherance of a drug trafficking crime, possession of heroin with intent to distribute, and being a felon in possession of a firearm. *United States v. Glover*, 4:12CR243 JAR. The Court sentenced him to thirty years' imprisonment. On appeal, he argued that the Court erred in denying his motion to suppress evidence obtained from a police officer who looked through his window. *United States v. Glover*, 746 F.3d 369 (8th Cir. 2014). The Court of Appeals affirmed, and it issued its judgment on March 24, 2014.

Glover raises for grounds for relief: (1) that African-Americans are not U.S. citizens, (2) that there was "no holder-in-due-course and no corpus delicti," (3) that the Judgement of Conviction was not verified, and (4), that the Government lacked standing to prosecute him.

### Standard

The general rule is that "§ 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Davis v. United States*, 417 U.S. 333, 343 (1974).

Like habeas corpus, this remedy "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Four grounds are properly within the scope of a motion to vacate, set aside or correct sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the judgment was rendered without jurisdiction; (3) the sentence imposed was not authorized by law; or (4) there was such a denial or infringement of the constitutional rights of a prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(a). *See also Addonizio*, 442 U.S. at 185 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)) ("[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'").

## Discussion

Glover argues that he cannot be prosecuted in the United States because African-Americans are not U.S. citizens. He bases this argument on the infamous *Dred Scott* decision, *Scott v. Sandford*, 60 U.S. 393 (1857). In *Scott*, the Court held that African-Americans were not U.S. citizens and had no standing to sue in federal court. *Scott*, however, was overruled when the Fourteenth Amendment was adopted in 1868. Section One of the Fourteenth Amendment states: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside." As a result, Glover's argument is legally frivolous, and he is not entitled to relief on this ground.

Glover maintains that the United States cannot prosecute him for crimes because it is not the interested party. This argument is also frivolous and has no basis in legal precedent. Glover is not entitled to relief on this ground.

2

Glover contends that the Judgment of Conviction is null and void because it was not "verified." He says that officials of the United States must "produce their oaths of office and performance bonds with the U.S. Secretary of State, notarized, seal on it, demonstrating that thy are in fact lawful public officials ... to contract with this petitioner, on the government's behalf." This claim is not cognizable because it is not based on a constitutional error or any of the other grounds properly within the scope of § 2255, and Grover is not entitled to relief on this ground.

Grover asserts that the United States does not have standing to prosecute him because it was not a "holder-in-due-course." This ground arises from commercial law, not constitutional law. As a result, it does not state a cognizable claim under § 2255, and Glover is not entitled to relief on this ground.

For these reasons, Glover is not entitled to federal habeas relief. Furthermore, he has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion under § 2255 is **DENIED**, and this case is **DISMISSED** with prejudice.

Judgment will be filed forthwith.

Dated this 21st day of August, 2015.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

3